RP

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Laura Ann Rogers,            )    No. CV 07-641-PHX-DGC (DKD)

        Plaintiff,       )    **ORDER**

vs.

Maricopa County Sheriff's Office, et al., )

        Defendants.

On March 27, 2007, Plaintiff Laura Ann Rogers, who is confined in the Arizona State Prison Complex-Perryville, filed a *pro se* civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983.[1]  Plaintiff did not pay the $350.00 civil action filing fee, but filed an uncertified Application to Proceed *In Forma Pauperis*.  By Order filed April 9, 2007 (Doc. #3), the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days from the filing date of the Order to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* and a six-month trust account statement.  On April 18, 2007, Plaintiff filed a "Motion requesting copy of Original Complaint" (Doc. #4) and on April 26, 2007, she filed her Application To Proceed *In Forma Pauperis* and six-month statement (Doc. #5).

---

[1]Plaintiff was confined in the Maricopa County Estrella Jail (Estrella Jail) when she filed the Complaint.

JDDL-K

1
2
3

The Court will grant the "Motion requesting copy of Original Complaint" (Doc. #4), grant the Application To Proceed *In Forma Pauperis* (Doc. #5), and dismiss the Complaint (Doc. #1) with leave to amend.

4

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

5
6
7
8
9
10
11

On April 26, 2007, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. #5), which will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $10.30.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

12

**II.    Statutory Screening of Prisoner Complaints**

13
14
15
16
17
18
19
20
21

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

22
23
24
25
26
27

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

28

**JDDL-K**

### III.    Complaint

Plaintiff alleges 16 counts in the Complaint.  In Count I, Plaintiff claims that Defendant Elrich used threatening and intimidating tactics against her by not allowing her to make legal phone calls and by using "stare down" and "staring matches" to intimidate her. In Count II, Plaintiff claims that Defendant Cesolini obstructed justice by not responding to her grievances in the allotted time frame.  In Count III, Plaintiff claims that Defendant MCSO Response Team obstructed justice by throwing away her calendar during a cell search.  In Count Four, Plaintiff claims that Defendant P. Martinez was threatening and intimidating and used excessive force when he kicked a bag full of items towards her and slammed a large slider door in her face.  In Count Five, Plaintiff claims that Defendants Burtcher and Rylel denied her access to the courts when they removed three grievances from her cell door and threw them away.  In Count Six, Plaintiff claims that her right to religion and exercise of religion was violated by Defendants Correctional Health Services and Cesolini because she has not been able to attend religious services on a regular basis owing to the fact that if she is not in her cell during medical call and misses medication three times "they" will discontinue her medication.  In Count Seven, Plaintiff claims that Defendant Cesolini, as the representative of Estrella Jail, has obstructed justice and denied her access to law enforcement because the "jail" would not help her file a report on her rapist.  In Count Eight, Plaintiff claims that Defendant Inmate Legal Services has obstructed justice and denied her access to the court by continuing to refuse "[l]egal request and legal assistance" to her.  In Count Nine, Plaintiff claims that Defendant Cesolini, as representative of Estrella Jail, has violated her right to a proper diet and meals.  In Count Ten, Plaintiff claims that Defendant Correctional Health Services denied her medical care for broken ribs.  In Count Eleven, Plaintiff claims that Defendant Correctional Health Services denied her medical care by not coming up with a long-term plan for the pain and injuries to her knees.  In Count Twelve, Plaintiff claims that Defendant Correctional Health Services denied her medical care when "Nurse Linda" discontinued her "Court Ordered" medication.  In Count Thirteen, Plaintiff claims that Defendant Correctional Health Services denied her medical care and

retaliated against her when a staff member known as "Nurse Linda" was "aggressive in behavior by sticking her finger in [Plaintiff's] face," while stating that Plaintiff is not human and is not a patient.  In Count Fourteen, Plaintiff claims that Defendant Cesolini, as Estrella Jail Commander, violated her right to recreation time when "Estrella Jail Staff" refused her recreation time, only offering recreation time to inmates once a week or once every two weeks.  In Count Fifteen, Plaintiff claims that when she refused to answer Defendant Arpaio's "private and personal questions" in front of a photographer, Defendant Arpaio threatened her safety and retaliated against her by becoming extremely aggressive and threatening, both verbally and physically, and by requesting all of her records and "excessive disciplinary actions."  In Count Sixteen, Plaintiff claims that Defendant Arpaio violated her right to education by telling Defendant Special Response Team to give her a "disciplinary action," which led to her being unable to stay in her education class due to disciplinary sanctions.

Named as Defendants in the Complaint are: (1) Maricopa County Sheriff's Office; (2) Joseph M. Arpaio, Maricopa County Sheriff; (3) Cesolini, Captain, Estrella Jail Commander; (4) Elrich, Detention Officer, Estrella Jail; (5) P. Martinez, Detention Officer, Estrella Jail; (6) Burtcher, Detention Officer, Estrella Jail; (7) Rylel, Detention Officer, Estrella Jail; (8) Inmate Legal Services Department at the Maricopa County Fourth Avenue Jail (Fourth Avenue Jail); (9) Correctional Health Services Department at the Estrella Jail; and (10) MCSO Special Response Team Department at the Estrella Jail.

Plaintiff seeks monetary relief and rape-awareness training for "the defendant."

**IV.    Improper Defendants**

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law.  A "person" under § 1983 includes municipalities, other local government units, and other "bodies politic and corporate." Monell v. New York City Department of Social Services, 436 U.S. 658, 688-90 (1978).

The Maricopa County Sheriff's Office, the MCSO Special Response Team, and Inmate Legal Services are not proper Defendants.  In Arizona, the responsibility of operating

1   jails and caring for prisoners is placed by law upon the sheriff.  See A.R.S. § 11-441(A)(5);

2   A.R.S. § 31-101.  A sheriff's office, such as the Maricopa County Sheriff's Office, is simply

3   an administrative creation of the county sheriff to allow him to carry out his statutory duties

4   and not a "person" amenable to suit pursuant to § 1983.  Likewise, the MCSO Special

5   Response Team and Inmate Legal Services are administrative creations of the Maricopa

6   County Sheriff to allow him to carry out his statutory duties and not "persons" amenable to

7   suit pursuant to § 1983.  Accordingly, Defendants Maricopa County Sheriff's Office, the

8   MCSO Special Response Team, and Inmate Legal Services are not proper Defendants and

9   are subject to dismissal from this action for failure to state a claim upon which relief may be

10  granted.

11       Similarly, Correctional Health Services is not a proper Defendant.  Although Arizona

12  places responsibility for operating county jails by law upon the county sheriff, the county is

13  responsible for the provision of medical care to inmates, see Ariz. Rev. Stat. §§ 11-251(8),

14  11-291(A).  Defendant Correctional Health Services is an administrative creation of

15  Maricopa County and is not a "person" amenable to suit under § 1983.  Therefore, Defendant

16  Correctional Health Services is not a proper Defendant and is subject to dismissal from this

17  action for failure to state a claim upon which relief may be granted.

18  **V.    Failure to State a Claim**

19       In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the conduct

20  of the Defendants deprived her of a constitutional right.  Haygood v. Younger, 769 F.2d

21  1350, 1354 (9th Cir. 1985) (en banc).  Plaintiff has failed to allege the violation of a specific

22  constitutional right in any of her counts.

23       A pretrial detainee's claim for unconstitutional conditions of confinement arises from

24  the Due Process Clause rather than from the Eighth Amendment prohibition against cruel and

25  unusual punishment.  Bell v. Wolfish, 441 U.S. 520 (1979).  Nevertheless, the Eighth

26  Amendment provides a minimum standard of care for determining a plaintiff's rights as a

27  pretrial detainee. Anderson v. Kern, 45 F.3d 1310, 1312-313 (9th Cir. 1995) (citing Redman

28  v. County of San Diego, 942 F.2d 1435, 1442 (9th Cir. 1991)).  To prevail on an

JDDL-K                                                  - 5 -

1   unconstitutional conditions claim under an Eighth Amendment standard of care, a plaintiff,

2   whether a pretrial detainee or a convict, must show that defendants were "deliberately

3   indifferent" to the alleged constitutional violations. Redman, 942 F.2d at 1443; Wilson v.

4   Seiter, 501 U.S. 294, 302-03 (1991).

5       The specific inquiry with respect to pretrial detainees is whether the prison conditions

6   amount to "punishment" without due process in violation of the Fourteenth Amendment.

7   Bell, 441 U.S. at 535. With regard to providing pretrial detainees with such basic necessities

8   as food, living space, and medical care, the minimum standard allowed by the Due Process

9   Clause is the same as that allowed by the Eighth Amendment for convicted persons. Hamm

10  v. Dekalb County, 774 F.2d 1567, 1574 (9th Cir. 1985).

11      To comply with the Eighth Amendment's prohibition against cruel and unusual

12  punishment, a prison must provide prisoners with "adequate food, clothing, shelter,

13  sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th

14  Cir. 1982). However, this does not mean that federal courts can, or should, interfere

15  whenever prisoners are inconvenienced or suffer *de minimis* injuries. See Bell, 441 U.S. at

16  539 n.21 (noting that a *de minimis* level of imposition does not rise to a constitutional

17  violation).

18      To state a claim under the Eighth Amendment for prison medical care, a prisoner must

19  allege "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091(9th

20  Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a

21  "serious medical need" by demonstrating that failure to treat the condition could result in

22  further significant injury or the unnecessary and wanton infliction of pain and (2) the

23  defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations

24  omitted). To act with deliberate indifference, a prison official must both know of and

25  disregard an excessive risk to inmate health; the official must both be aware of facts from

26  which the inference could be drawn that a substantial risk of serious harm exists and he must

27  also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate

28  indifference in the medical context may be shown by a purposeful act or failure to respond

1   to a prisoner's pain or possible medical need and harm caused by the indifference. <u>Jett</u>, 439

2   F.3d at 1096.

3          To state a free exercise of religion claim under the First Amendment, a plaintiff must

4   allege that a defendant burdened the practice of her religion by preventing her from engaging

5   in conduct mandated by her faith without any justification reasonably related to legitimate

6   penological interests. <u>Freeman v. Arpaio</u>, 125 F.3d 732, 736 (9th Cir. 1997); <u>Bryant v.</u>

7   <u>Gomez</u>, 46 F.3d 948 (9th Cir. 1995) (*per curiam*). This interference must be more than an

8   inconvenience; the burden must be substantial and an interference with a tenet or belief that

9   is central to religious doctrine. <u>Bryant</u>, 46 F.3d at 948. Even if governmental action burdens

10  the practice of a prisoner's religion, the action is still valid if it is reasonably related to

11  legitimate penological interests. <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).

12         Plaintiff has not alleged that the First, Eighth, or Fourteenth Amendments have been

13  violated in the manner described above. Accordingly, Plaintiff has failed to state a claim

14  upon which relief may be granted.

15  **VI.   Leave to Amend**

16         For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

17  a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first

18  amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail

19  Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails

20  to use the court-approved form, the Court may strike the amended complaint and dismiss this

21  action without further notice to Plaintiff.

22         Plaintiff must clearly designate on the face of the document that it is the "First

23  Amended Complaint." The first amended complaint must be retyped or rewritten in its

24  entirety on the court-approved form and may not incorporate any part of the original

25  Complaint by reference. Plaintiff may include only one claim per count.

26         In any amended complaint, Plaintiff must write out short, plain statements telling the

27  Court (1) the constitutional right Plaintiff believes was violated; (2) name of the person who

28  violated the right; (3) exactly what that individual did or failed to do; (4) how the action or

inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See Rizzo, 423 U.S. at 371-72, 377.  If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if she can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff (and tell the Court some facts to support this claim).  King, 814 F.2d at 568; see Monell, 436 U.S. at 691.

Plaintiff must repeat this process for each person she names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King, 814 F.2d at 567.

## VII.   Motion for Copy of Complaint

On April 18, 2007, Plaintiff filed a "Motion requesting copy of Original Complaint" (Doc. #4), in which she requests a copy of the Complaint because she needs to file an amended complaint.  In light of the dismissal of the Complaint with leave to amend, Plaintiff's Motion will be granted.

## VIII.  Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of her release. Also, within 30 days of her release, she must either (1) notify the Court that she intends to

1 pay the balance or (2) show good cause, in writing, why she cannot.  Failure to comply may
2 result in dismissal of this action.

3     **B.     Address Changes**

4         Plaintiff must file and serve a notice of a change of address in accordance with Rule
5 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
6 relief with a notice of change of address.  Failure to comply may result in dismissal of this
7 action.

8     **C.     Copies**

9         Plaintiff must submit an additional copy of every filing for use by the Court.  See
10 LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
11 to Plaintiff.

12     **D.     Possible "Strike"**

13         Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails
14 to file an amended complaint correcting the deficiencies identified in this Order, the
15 dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).
16 Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
17 judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior
18 occasions, while incarcerated or detained in any facility, brought an action or appeal in a
19 court of the United States that was dismissed on the grounds that it is frivolous, malicious,
20 or fails to state a claim upon which relief may be granted, unless the prisoner is under
21 imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

22     **E.     Possible Dismissal**

23         If Plaintiff fails to timely comply with every provision of this Order, including these
24 warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at
25 1260-61 (a district court may dismiss an action for failure to comply with any order of the
26 Court).

27 **IT IS ORDERED:**

28         (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #5) is **granted**.

1   (2)      As required by the accompanying Order to the appropriate government agency,

2   Plaintiff **must pay** the $350.00 filing fee and is assessed an initial partial filing fee of $10.30.

3   (3)      Plaintiff's "Motion requesting copy of Original Complaint" (Doc. #4) is

4   **granted**.

5   (4)      The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has

6   **30 days** from the date this Order is filed to file a first amended complaint in compliance with

7   this Order.

8   (5)      **If** Plaintiff fails to file an amended complaint within 30 days, the Clerk of

9   Court **must, without further notice, enter** a judgment of dismissal of this action with

10   prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

11   (6)      The Clerk of Court **must mail** Plaintiff a copy of the original Complaint (Doc.

12   #1) and a court-approved form for filing a civil rights complaint by a prisoner.

13   DATED this 14th day of November, 2007.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                                  U.S. District Court Clerk
U.S. Courthouse, Suite 130                             U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona  85003-2119                       Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)    Plaintiff, )<br>  )<br>     vs.    )<br>  )<br>(1) _____, )<br>(Full Name of Defendant) )<br>(2) _____, )<br>  )<br>(3) _____, )<br>  )<br>(4) _____, )<br>     Defendant(s). )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT**<br>**BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                         1                         **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care

☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation

☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes   ☐ No

b.   Did you submit a request for administrative relief on Count I? ☐ Yes   ☐ No

c.   Did you appeal your request for relief on Count I to the highest level? ☐ Yes   ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?          ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b.   Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____

DATE                                              SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)

_____

_____

_____

(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.