RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Ann Rogers, | No. CV 07-641-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On March 27, 2007, Plaintiff Laura Ann Rogers, who is confined in the Arizona State Prison Complex-Perryville, filed a *pro se* civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the $350.00 civil action filing fee but filed an uncertified Application to Proceed *In Forma Pauperis*.

By Order filed April 9, 2007 (Doc. #3), the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days from the filing date of the Order to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* and a six-month trust account statement.

On April 18, 2007, Plaintiff filed a "Motion requesting copy of Original Complaint" (Doc. #4) and on April 26, 2007, she filed her Application To Proceed *In Forma Pauperis* and six-month statement (Doc. #5). By Order filed November 15, 2007 (Doc. #8), the Court granted the "Motion requesting copy of Original Complaint" (Doc. #4), granted the Application To Proceed *In Forma Pauperis* (Doc. #5), and dismissed the Complaint (Doc.

#1) with leave to amend. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint to cure the deficiencies outlined in the Court's Order. On December 7, 2007, Plaintiff filed a "First Amended Complaint" (Doc. #10) (Amended Complaint).

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints and amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, without leave to amend.

## II. Amended Complaint

Plaintiff alleges four counts in her Amended Complaint. In Count I she claims that her Fourteenth Amendment rights were violated by Defendant Joseph Arpaio's new policy limiting incoming inmate mail to postcards.

In Count II, Plaintiff claims that her Eighth Amendment rights were violated by Defendants Rylel and Burtcher when they threw away "very important documents (Inmate Letters & Grievances)" that had been taken to them for processing. Defendant also claims that Defendant Cesolini was aware of this problem but did not do enough to stop and take control of the situation.

In Count III, Plaintiff claims that she sustained a broken rib while being arrested on October 6, 2006, and that her Eighth Amendment rights were violated by Defendant Maricopa County Estrella Jail Medical when she was sent to the Estrella Jail on October 7, 2006 and did not receive any treatment for her broken rib until October 21, 2006.

- 2 -

1    In Count IV, Plaintiff claims that her Eighth Amendment rights were violated by Defendant Maricopa County Medical Estrella Jail when, from October 7, 2006 until July 4, 2007, she was not "treated completely for Advanced Stages of degenerative Joint Disease" in her knees and back.

Defendants named in the Amended Complaint are: (1) Joseph Arpaio, Maricopa County Sheriff; (2) Cesolini, Captain, Estrella Jail; (3) Rylel, Detention Officer, Estrella Jail; (4) Burtcher, Detention Officer, Estrella Jail; and (5) Maricopa County Medical Estrella Jail. Plaintiff seeks monetary damages.

### III.    Improper Defendant

Maricopa County Medical Estrella Jail is not a proper Defendant. Although Arizona places responsibility for operating county jails by law upon the county sheriff, the county is responsible for the provision of medical care to inmates, see Ariz. Rev. Stat. §§ 11-251(8), 11-291(A). Defendant Maricopa County Medical Estrella Jail is an administrative creation of Maricopa County and is not a "person" amenable to suit under § 1983. Therefore, Defendant Maricopa County Medical Estrella Jail is not a proper Defendant and is subject to dismissal from this action for failure to state a claim upon which relief may be granted.

### IV.    Failure to State a Claim

#### A.    Count I

In Count I, Plaintiff claims that her Fourteenth Amendment rights were violated by Defendant Joseph Arpaio's new policy limiting incoming inmate mail to postcards. Plaintiff further claims that Defendant Cesolini has "implicated" this policy in the Estrella Jail, and that by refusing to allow inmates "all" mail, Defendants Arpaio and Cesolini have violated the Fourteenth Amendment. The Fourteenth Amendment does not guarantee inmates the right to receive "all" mail. Accordingly, Count I will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, although prisoners generally have "a First Amendment right to send and receive mail," Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)), prison officials may adopt a regulation

- 3 -

that impinges upon that constitutional right if "the regulation . . . is reasonably related to legitimate penological interests," Turner v. Safley, 482 U.S. 78, 89 (1987). "[T]he prevention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail." O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir.1996) (citations omitted).

### B. Count II

In Count II, Plaintiff claims that her Eighth Amendment rights were violated by Defendants Rylel and Burtcher when they threw away "very important documents (Inmate Letters & Grievances)" that had been taken to them for processing. Plaintiff also claims that Defendant Cesolini was aware of this problem but did not do enough to stop and take control of the situation. Plaintiff contends that by throwing these documents away, her right to personal safety was jeopardized.

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

Plaintiff's allegations in Count II are vague and conclusory because she does not specify whose documents were thrown away, explain how the loss of these documents threatened her safety, or explain how the loss of the documents violates the Eighth Amendment prohibition against cruel and unusual punishment. Accordingly, Count II will be dismissed for failure to state a claim upon which relief may be granted.

### C. Count III

In Count III, Plaintiff claims that she sustained a broken rib while being arrested on October 6, 2006, and that her Eighth Amendment rights were violated by Defendant Maricopa County Estrella Jail Medical when she was sent to the Estrella Jail on October 7, 2006 and did not receive any treatment for her broken rib until October 21, 2006.

Because Maricopa County Medical Estrella Jail is being dismissed as an improper Defendant, and because Plaintiff's claims in Count III are only made against Defendant Maricopa County Medical Estrella Jail, Count III will be dismissed for failure to state a claim upon which relief may be granted.

### D.     Count IV

In Count IV, Plaintiff claims that her Eight Amendment rights were violated by Defendant Maricopa County Medical Estrella Jail when, from October 7, 2006 until July 4, 2007, she was not "treated completely for Advanced Stages of degenerative Joint Disease" in her knees and back.  Again, because Maricopa County Medical Estrella Jail is being dismissed as an improper Defendant, and because Plaintiff's claims in Count IV are only made against Defendant Maricopa County Medical Estrella Jail, Count IV will also be dismissed for failure to state a claim upon which relief may be granted

### V.     Dismissal of Complaint Without Leave to Amend

Because no claims now remain, the Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  In deciding whether or not Plaintiff should be given leave to amend again, the Court notes that leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend her complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).  Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has been given an opportunity to amend her original Complaint to cure the deficiencies and appears unable to do so.[1]  Further opportunities would be futile. Therefore, the Court, in its discretion, will dismiss the Amended Complaint without leave to amend, and will dismiss this action.

---

[1] In dismissing the original Complaint with leave to amend, the Court gave Plaintiff very specific instructions on how to correct the deficiencies in the Complaint.

- 5 -

1  **IT IS ORDERED:**

2     (1)   The First Amended Complaint (Doc. #10) and this action **are dismissed for failure to state a claim**, and the Clerk of Court **must enter** judgment accordingly.

4     (2)   The Clerk of Court **must make an entry** on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 31st day of March, 2008.

_____
David G. Campbell
United States District Judge

- 6 -